Filed 2/2/16  P. v. Barker CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>DONALD EARL BARKER,<br><br>        Defendant and Appellant. | F068620<br><br>(Super. Ct. No. MF010617-A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua and Brian M. McNamara, Judges.[†]

Eleanor M. Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Detjen, J. and Smith, J.

[†]     Judge Lua presided over defendant's readiness hearing; Judge McNamara presided over defendant's trial and sentencing hearing.

**INTRODUCTION**

On November 8, 2013, a jury convicted defendant on one count of unlawful possession of a firearm by a felon and one count of negligent discharge of a firearm in a manner likely to cause injury or death. The trial court sentenced defendant to an aggregate term of seven years in prison. On appeal, defendant argues his trial counsel was ineffective for misadvising him of his maximum exposure while a plea offer was open. We affirm.

**FACTS**

On September 12, 2013, an amended information was filed charging defendant with unlawful possession of a firearm, negligent discharge of a firearm, brandishing a firearm and brandishing a knife. The charges stemmed from a June 6, 2013, dispute when defendant fired a handgun at a residence where approximately 80 people were gathered for a party. After defendant waived his preliminary hearing, the People made a plea offer of two years in prison. The offer was to remain open through the conclusion of defendant's readiness hearing.

At that readiness hearing on September 20, 2013, defense counsel informed the court that defendant had been presented with the plea offer, but had neither accepted nor countered the offer. Upon questioning from the court, defense counsel stated that defendant's maximum exposure was five years eight months. Defendant rejected the offer before the conclusion of the readiness hearing.

On the first day of trial, the following exchange took place:

> "[DEFENSE COUNSEL]: … I believe it was September 20th, our readiness hearing date, I was asked what was the exposure by the Court and I misspoke. I said 5 years and 8 months. That was based on the original information filed by the district attorney's office.
>
> "Subsequent to that, I spoke with [defendant] regarding his actual exposure. He's fully aware. He has done at least five prison terms, and I explained to him I misspoke it was 5 years and 8 months. It's actually 8 years and 8 months so I just want to get the record straight. I did speak with [defendant] regarding his

2

maximum exposure because apparently after -- sometime at some point the district attorney's office filed an amended information and I did not calculate that with my maximum exposure. [¶] But I did tell him sometime immediately after September 20, 2013; right?

"DEFENDANT: Yes.

"[DEFENSE COUNSEL]: Thank you.

"THE COURT: Are you requesting anything aside from putting this on the record at this time?

"[DEFENSE COUNSEL]: I just wanted to put it on the record.

"THE COURT: Thank you. You're set for trial …."

Following the exchange, the trial court dismissed the brandishing of a firearm charge, and the jury trial commenced. The jury found defendant guilty of the unlawful possession of a firearm and negligent discharge of a firearm charges, but acquitted defendant of the charge of brandishing a knife. Defendant was sentenced to an aggregate term of seven years in prison, and this appeal followed.

## DISCUSSION

Defendant argues his right to effective assistance of counsel was violated by his trial counsel's failure to properly advise him of his maximum exposure prior to defendant's denial of the People's plea offer. We disagree.

To establish a claim of ineffective assistance of counsel, defendant must show that his counsel's representation fell below an objective standard of reasonableness, and that defendant was prejudiced by his counsel's deficient representation. (*People v. Ledesma* (1987) 43 Cal.3d 171, 216-217.)

Here, the information in defendant's case was amended on September 12, 2013, eight days prior to defendant's readiness hearing. Despite this eight-day period, defense counsel apparently never informed defendant that his maximum exposure had increased from five years eight months to eight years eight months. This failure, particularly during a period of time where a plea offer was on the table, is objectively unreasonable.

3

That being said, defendant has not established prejudice. In order to establish prejudice when counsel misadvises a defendant during plea negotiations, the defendant "must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e*., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." (*Lafler v. Cooper* (2012) ____ U.S. ____ [132 S.Ct 1376, 1385].) Further, "a defendant's self-serving statement—after trial, conviction, and sentence—that with competent advice he or she *would* have accepted a proffered plea bargain, is insufficient in and of itself to sustain the defendant's burden of proof as to prejudice, and must be corroborated independently by objective evidence." (*In re Alvernaz* (1992) 2 Cal.4th 924, 938.)

In the instant case, the sole evidence in support of defendant's claim that he would have accepted the plea offer is his own self-serving declaration, a similar declaration by his girlfriend, and the objective disparity between the maximum exposure represented by defense counsel and the maximum exposure actually faced by defendant.[1] While such a disparity provides "*some* corroborating evidence" for otherwise self-serving statements, it is not dispositive. (*In re Alvernaz* , *supra*, 2 Cal.4th at p. 945.) Lacking any additional objective evidence, we simply cannot conclude defendant has met his burden of establishing a "credible, independently corroborated prima facie showing of a *reasonable probability* that he would have accepted the plea offer but for his trial counsel's alleged inaccurate advice as to sentencing." (*Id*. at p. 946.) Therefore, we affirm.

---

[1] Defendant's request for judicial notice of his habeas corpus petition and attached declaration (*In re Donald E. Barker* (Aug. 22, 2014, F069927)) is granted.

**DISPOSITION**

The judgment is affirmed.